USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/10/2012

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
AARON ENNIS,

                      Petitioner,          09 Civ. 10157 (DAB)
    -against-                                   ORDER

DALE ARTUS, Superintendent,
Clinton Correctional Facility,

                      Respondent.
------------------------------------X
DEBORAH A. BATTS, United States District Judge.

On August 12, 2011, United States Magistrate Judge Gabriel W. Gorenstein issued a Report and Recommendation ("Report"), recommending that Petitioner's Petition for a Writ of Habeas Corpus be DENIED. (Report at 1.) For the reasons set forth below, after a <u>de novo</u> review following the objections of Petitioner, the Report and Recommendation of Magistrate Judge Gorenstein dated August 12, 2011 shall be adopted in its entirety. Accordingly, the Court DENIES Petitioner's Petition for a Writ of Habeas Corpus.

    I.   Objections to the Report and Recommendation

"Within fourteen days after being served with a copy [of a Magistrate Judge's Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); <u>accord</u> 28 U.S.C. § 636(b)(1)(C). The court may adopt those portions of the report

to which no timely objection has been made, as long as there is no clear error on the face of the record. <u>Wilds v. United Parcel Serv., Inc.</u>, 262 F.Supp.2d 163, 169 (S.D.N.Y. 2003). A district court must review <u>de novo</u> "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). "To the extent, however, that the party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the Report strictly for clear error." <u>Indymac Bank, F.S.B. v. Nat'l Settlement Agency, Inc.</u>, No. 07-CV-6865, 2008 WL 4810043, at *1 (S.D.N.Y. Nov. 3, 2008); <u>see also</u> <u>Ortiz v. Barkley</u>, 558 F.Supp.2d 444, 451 (S.D.N.Y. 2008) ("Reviewing courts should review a report and recommendation for clear error where objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition.") (citation and internal quotation marks omitted). After conducting the appropriate levels of review, the Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate. 28 U.S.C. § 636(b)(1)(C).

The objections of <u>pro se</u> parties are "generally accorded leniency and should be construed to raise the strongest arguments that they suggest." <u>Howell v. Port Chester Police Station</u>, 2010

WL 930981, at *1 (S.D.N.Y. Mar. 15, 2010) (citation omitted). "Nonetheless, even a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." Id. (quoting Pinkney v. Progressive Home Health Servs., No. 06-CV-5023, 2008 U.S. Dist. LEXIS 55034, at *2-3 (S.D.N.Y. July 21, 2008) (internal quotations marks omitted)).

Pro Se Petitioner filed timely objections to Magistrate Judge Gorenstein's Report. Petitioner specifically objects to the report's findings and recommendations concerning the exclusion of Petitioner's family members from the courtroom, Report at 18-22; concerning Petitioner's argument that his trial counsel was ineffective, Report at 23-29; and concerning Brady violations related to the belated disclosure of a witness who incriminated someone other than Petitioner in a shooting for which Petitioner was convicted, Report at 29-33. The Court takes each of Petitioner's objections in turn, applying a de novo review as appropriate to those portions of the Report to which Petitioner has specifically objected.

II. Exclusion of Family Members from the Courtroom

Petitioner objects to the Report's recommendation that he be

3

denied habeas relief on the ground that certain of his family members were excluded from the courtroom at trial. (See Pl.'s Objs. at 2-10.) However, Petitioner's objections on this point, as he freely admits, merely reiterate the argument he made before the Magistrate. (See Pet.'s Obj. at 3, explaining that "Petitioner properly argued the merits in his Memorandum of Law, and in his Reply Brief.") Petitioner's Objections to the Report's findings and recommendations concerning his claim that family members were improperly excluded from the courtroom during his trial therefore merely rehash arguments fairly presented to the Magistrate and do not trigger de novo review. The Court having reviewed the relevant portions of the Report, the Court finds no error in Judge Gorenstein's well-reasoned legal conclusions on this point, which are founded on a clearly-established factual and procedural history. Accordingly, the Court adopts the Report's findings and recommendations as they pertain to Petitioner's claims concerning the exclusion of his family members from the courtroom at trial.

III. Ineffective Assistance of Counsel

The Report recommends that the Petition for a writ of habeas corpus be DENIED to the extent it is founded on a claim of ineffective trial counsel. Specifically, the Report found that

Petitioner's ineffective assistance claim is without merit to the extent it is founded on trial counsel's failure to object to the trial court's questioning of witnesses and is procedurally barred to the extent it is founded on trial counsel's failure to object to the exclusion of his family members from the courtroom. Petitioner objects to the Report's recommendation that his ineffective assistance of counsel claim be denied, in part, as procedurally barred. (Pet.'s Obj. at 10-20.)  Petitioner's Objections again rehash the arguments he initially raised before the Magistrate, as Petitioner freely acknowledges, and thus fail to trigger de novo review. Nor can the Court identify any error in the Report's well-reasoned recommendations on this point.

IV.   Withheld Exculpatory Evidence

The Appellate Division found that the prosecution wrongfully failed to disclose a witness statement implicating another individual in a shooting for which Petitioner was convicted, but found that no prejudice had ensued and thus that no <u>Brady</u> violation had occurred.  Petitioner argues that the Appellate Division's conclusion was based on an unreasonable application of clearly established Supreme Court precedent.  The Report recommends that Petitioner's <u>Brady</u> claim be denied on the grounds that the Appellate Division's application of the <u>Brady</u> standard

5

was not unreasonable.

**Petitioner's Objections to the Report's recommendation** concerning his Brady claim again rehash the arguments previously raised, and thus do not trigger de novo review. The Court has thus reviewed the Report's recommendation for clear error, and has found none. Moreover, even if the Court were to conduct a de novo review, it would find that the Appellate Division's application of the Brady standard was not unreasonable, in that it cannot be said that a reasonable probability exists that disclosure of the witness statement would have resulted in a different outcome at trial. Not only would the witness, who eventually retracted his statement, have been subjected to devastating cross-examination and have been contradicted by numerous other witnesses had he been called at trial, but Petitioner's victim identified Petitioner as the individual who shot him in the face. In light of the overwhelming evidence presented at trial, there is no reasonable probability that disclosure of a statement made by a witness who later recanted would have changed the outcome of the trial.

V.  Conclusion

Having conducted the appropriate levels of review of the Report and Recommendation of United States Magistrate Judge

Gabriel W. Gorenstein dated August 12, 2011, this Court APPROVES, ADOPTS, and RATIFIES the Report's factual recitations and findings and recommendations in their entirety. Accordingly, Petitioner's Petition for a Writ of Habeas Corpus is DENIED.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

Because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. §2253.

SO ORDERED.

Dated: New York, New York
September 10, 2012

*Deborah A. Batts*

DEBORAH A. BATTS
United States District Judge